## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **BEACON NAVIGATION GMBH,** | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff,* | ) C.A. No. 11-927-GMS |
| | ) |
| **v.** | ) **JURY TRIAL DEMANDED** |
| | ) |
| | ) |
| **GENERAL MOTORS LLC,** | ) |
| | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

### GENERAL MOTORS LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES PURSUANT TO FED. R. CIV. P. 12(f)

*Of counsel:*

Paul R. Steadman, P.C.
Matthew D. Satchwell
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60644
(312) 862-2000
 paul.steadman@kirkland.com
 matthew.satchwell@kirkland.com

Anne Shea Gaza (#4093)
Travis S. Hunter (#5350)
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
gaza@rlf.com
 hunter@rlf.com

*Attorneys for Defendant*
*General Motors LLC*

DATED: January 9, 2013

**TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................. ii

I.      INTRODUCTION ................................................................................1

II.     NATURE AND STATE OF THE PROCEEDINGS AND STATEMENT OF
        FACTS ...............................................................................................1

III.    SUMMARY OF THE ARGUMENT ....................................................2

IV.     ARGUMENT ......................................................................................3

        A.     The Heightened Pleading Requirements of *Twombly* and *Iqbal* Do Not
               Apply to Affirmative Defenses. ..............................................5

        B.     Beacon Fails to Justify the Extraordinary Relief It Seeks. ...................8

        C.     GM's Affirmative Defenses Satisfy the Requirements of Rule 8.........10

               1.     Invalidity. .........................................................................10

               2.     Non-infringement..............................................................11

               3.     Laches. ...............................................................................11

               4.     License and/or Patent Exhaustion...................................12

               5.     Limitation on Damages.....................................................13

V.      CONCLUSION.................................................................................14

# TABLE OF AUTHORITIES

**PAGE(S)**

**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ................................................................................................ *passim*

*Avocent Redmond Corp. v. United States,*
  85 Fed. Cl. 724 (Ct. Fed. Cl. 2009) .................................................................................. 8

*Barnes & Noble, Inc. v. LSI Corp.,*
  No. C-11-2709 EMC, 2012 U.S. Dist. LEXIS 12719 (N.D. Cal. Feb. 2, 2012) ......................... 8

*Bayer CropScience AG v. Dow AgroSciences LLC,*
  No. 10-1045 RMB/JS, 2011 WL 6934557 (D. Del. Dec. 30, 2011) ................................. 5, 6, 7

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) ............................................................................................... *passim*

*Bennet v. Sprint Nextel Corp.,*
  No. 09-2122-EFM, 2011 WL 4553055 (D. Kan. Sept. 29, 2011) ............................................ 7

*Boldstar Technical, LLC v. Home Depot, Inc.,*
  517 F. Supp. 2d 1283 (S.D. Fla. 2007) ............................................................................... 8

*Cadence Pharm., Inc. v. Paddock Labs., Inc.,*
  C.A. No. 11–733–LPS, 2012 WL 4565013 (D. Del. Oct. 1, 2012) ........................................ 5

Certain Auto. GPS Navigation Sys., Components Thereof, & Prods. Containing Same,
  76 Fed. Reg. 72442 (USITC Nov. 23, 2011) ................................................................... 1, 2

*Chiancone v. City of Akron,*
  No. 11-337, 2011 WL 4436587 (N.D. Ohio Sept. 23, 2011) ............................................... 10

*Dann v. Lincoln Nat'l Corp.,*
  274 F.R.D. 139 (E.D. Pa. 2011) ........................................................................................ 3

*Elan Pharma Int'l Ltd. v. Lupin Ltd.,*
  No. 09-1008 JAG, 2010 WL 1372316 (D.N.J. Mar. 31, 2010) ............................................. 8

*Fed. Trade Comm'n v. Hope Now Modifications LLC,*
  No. 09-1204 (JBS/JS), 2011 WL 883202 (D.N.J. Mar. 10, 2011) .................................. 4, 7, 13

ii

*Gemcor II, LLC v. Electroimpact, Inc.*,
No. 11–CV–2520–CM, 2012 WL 628199 (D. Kan. Feb. 27, 2012)..........................................8

*Greiff v. T.I.C. Enters., L.L.C.*,
No. 03–882, 2004 WL 115553 (D. Del. Jan. 9, 2004) ..............................................................4

*Holtzman v. B/E Aerospace, Inc.*,
No. 07-80551, 2008 WL 2225668 (S.D. Fla. May 29, 2008) ....................................................9

*Iconfind, Inc. v. Google, Inc.*,
No. 2:11–cv–0319–GEB–JFM, 2012 WL 158366 (E.D. Cal. Jan. 18, 2012).........................13

*Internet Media Corp. v. Hearst Newspapers, LLC*,
Civ. No. 10–690–SLR, 2012 WL 3867165 (D. Del. Sept. 6, 2012) .........................................6

*McKesson Info. Solutions, LLC v. Trizetto Grp., Inc.*,
No. 04-1258-SLR, 2005 WL 914776 (D. Del. Apr. 20, 2005) ................................................11

*McZeal v. Sprint Nextel Corp.*,
501 F.3d 1354 (Fed. Cir. 2007)................................................................................................8

*Memory Control Enter., LLC v. Edmunds.com, Inc.*,
No. CV 11–7658 PA, 2012 WL 681765 (C.D. Cal. Feb. 8, 2012) ............................................4

*Nokia Corp. v. Apple Inc.*,
No. 09–791–GMS, 2011 WL 2160904 (D. Del. June 1, 2011) ................................................4

*Robinson v. Johnson*,
313 F.3d 128 (3d Cir. 2002)...................................................................................................10

*Romantine v. CH2M Hill Eng'rs, Inc.*,
No. 09-973, 2009 WL 3417469 (W.D. Pa. Oct. 23, 2009) .......................................................4

*Safeco Insurance Company of America v. O'Hara Corporation*,
No. 08-CV-10545, 2008 WL 2558015 (E.D. Mich. June 25, 2008)..........................................9

*Sun Microsystems, Inc. v. Versata Enterprises, Inc.*,
630 F. Supp. 2d 395 (D. Del. 2009) ...................................................................................9, 10

*Teirstein v. AGA Medical Corp.*,
No. 6:08cv14, 2009 WL 704138 (E.D. Tex. Mar. 16, 2009) ....................................................5

*Tyco Fire Prods. LP v. Victaulic Co.*,
777 F. Supp. 2d 893 (E.D. Pa. 2011) ........................................................................4, 7, 8, 10

*Vistan Corp. v. Fadei USA, Inc.*,
    No. C–10–4862 JCS, 2011 WL 1544796 (N.D. Cal. Apr. 25, 2011) .......................................... 4

*Vurimindi v. Fuqua School of Business*,
    No. 10-234, 2011 WL 3803668 (E.D. Pa. Aug. 29, 2011)........................................................ 3

*XpertUniverse, Inc. v. Cisco Systems, Inc.*,
    868 F. Supp. 2d 376 (D. Del. 2012) ...................................................................................... 6

## **Statutes**

35 U.S.C. § 101 ........................................................................................................................... 8, 11

35 U.S.C. § 102 ........................................................................................................................... 8, 11

35 U.S.C. § 103 ........................................................................................................................... 8, 11

35 U.S.C. § 112 ........................................................................................................................... 8, 11

35 U.S.C. § 116 ........................................................................................................................... 8, 11

35 U.S.C. § 286 .............................................................................................................................. 13

35 U.S.C. § 287 .............................................................................................................................. 13

## **Rules**

Fed. R. Civ. P. 12(f) ...................................................................................................................... 3, 4

Fed. R. Civ. P. 8(b) ....................................................................................................................... 3, 11

## I.     INTRODUCTION

Defendant General Motors LLC ("GM") submits this brief in opposition to Plaintiff

Beacon Navigation GmbH's ("Beacon") Motion to Strike Certain Affirmative Defenses Pursuant

to Federal Rule of Civil Procedure 12(f) (the "Motion").

Beacon's Motion should be denied because the affirmative defenses raised in GM's

answer fully satisfy the requirements of the Federal Rules of Civil Procedure. Beacon argues

that a heightened pleading standard applies to the affirmative defenses asserted by GM in this

case. That theory has been unequivocally rejected by other Courts in this District. Beacon

ignores this law, and would have this Court just reverse course. For the reasons set forth herein,

GM respectfully requests this Court deny Beacon's Motion.

## II.     NATURE AND STATE OF THE PROCEEDINGS AND STATEMENT OF FACTS

This is a patent infringement action commenced on October 11, 2011. Beacon alleges

that GM infringed U.S. Patent Nos. 6,178,380 ("the '380 Patent"); 6,374,180 ("the '180 Patent");

and 6,029,111 ("the '111 Patent") (the "patents-in-suit") by manufacturing, selling, and

distributing vehicles with navigation systems.[1] D.I. 1. Beacon also filed a series of dual

complaints in this Court asserting the same patents against numerous other car manufacturers.

Shortly thereafter, Beacon filed an ITC complaint, naming all of the other defendants in the

related actions as respondents, except for Fuji Heavy Industries Ltd. (*i.e.*, Subaru). *See* Certain

Auto. GPS Navigation Sys., Components Thereof, & Prods. Containing Same, 76 Fed. Reg.

72442, 72443 (USITC Nov. 23, 2011). The ITC complaint, as supplemented, alleged that the

---

[1]     Beacon concurrently filed another action on the same day asserting two other patents against
GM also against vehicles with navigation systems. *See Beacon Navigation GmbH v. General
Motors LLC*, No. 11-cv-925 (D. Del. Oct. 11, 2011).

respondents infringed the '180 Patent, '380 Patent, '111 Patent, and/or U.S. Patent No.

5,862,511. *Id.* at 72443-44. Beacon voluntarily withdrew its ITC complaint on April 13, 2012,

and the ITC investigation was later terminated.

This Court granted GM's Motion to Stay this case under 28 U.S.C. § 1659 on

December 14, 2011, D.I. 13, and denied as moot GM's Motion to Stay Case No. 11-cv-925 on

September 25, 2012. Case No. 11-cv-925, D.I. 30. Beacon then moved this Court on October 11

to lift the stay in this case, D.I. 19, which this Court granted on October 12.[2] D.I. 20.

On November 13, 2012, GM timely filed its Answer to Beacon's Complaint and raised

five affirmative defenses: (1) invalidity; (2) non-infringement; (3) laches, waiver, estoppel,

unclean hands, and/or acquiescence; (4) license and/or patent exhaustion; and (5) limitation on

damages.[3] D.I. 29. Notwithstanding this fair notice of GM's affirmative defenses, Beacon filed

this Motion. D.I. 31. GM asks the Court to deny Beacon's Motion, or, in the alternative,

respectfully asks for leave to amend its Answer to re-plead its affirmative defenses.

## III.   SUMMARY OF THE ARGUMENT

Beacon's request to eliminate various affirmative defenses at the pleadings stage should

be denied. As numerous courts both in this District and elsewhere have found, the

*Twombly/Iqbal* heightened pleading standard does not apply to affirmative defenses, and indeed

Beacon has failed to cite any convincing caselaw to the contrary.  Under the notice pleading

standard that traditionally—and correctly—has been applied to affirmative defenses, GM's

---

[2]   Thereafter, GM filed its pending Motion to Transfer to the Eastern District of Michigan. D.I. 21.

[3]   GM also reserved the right to amend, modify, or expand its defenses and to take further positions as discovery proceeds in this case. D.I. 29 at 7.

2

pleading easily satisfies the requirements of the Federal Rules of Civil Procedure. Further, Beacon has not presented any caselaw to distinguish the substantial authority GM presented in its Response to Beacon's Motion to strike GM's affirmative defenses in Case No. 11-925, which GM submitted more than nine months ago on March 26, 2012. Rather, Beacon simply filed a copycat motion that recycles the same unsubstantiated arguments. Accordingly, Plaintiff's Motion should be denied.

## IV.   ARGUMENT

Beacon's Motion asks this Court to alter the long-standing practice of notice pleading for affirmative defenses under the Federal Rules of Civil Procedure. The crux of Beacon's argument is two-fold: (1) Beacon urges that the heightened pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), applies to affirmative defenses, and GM's defenses supposedly fall short of that standard; and (2) GM's recitation of its defenses allegedly does not satisfy the requirements of Fed. R. Civ. P. 8(b) or 12(f) even under a notice pleading standard.

Although the Rules allow a plaintiff to move to strike an insufficiently pled affirmative defense under Rule 12(f), such motions "are not favored" and should "be denied unless the allegations have *no possible relation to the controversy* and may cause prejudice to one of the parties, or if the allegations confuse the issues."[4] A defendant is required to provide a plaintiff only a fair notice of its affirmative defenses, and this "standard does not require the pleading of a panoply of factual allegations in support of affirmative defenses . . . ."[5] Thus, as this Court has

---

[4]   *Dann v. Lincoln Nat'l Corp.*, 274 F.R.D. 139, 142–43 (E.D. Pa. 2011) (internal quotation omitted).

[5]   *Vurimindi v. Fuqua School of Business*, No. 10-234, 2011 WL 3803668, at *4 (E.D. Pa.

3

explained, a motion to strike a defense is not granted "unless it appears to a certainty that . . . [the

movant] would succeed despite any state of the facts which could be proved in support of the

defense."[6]

> For these reasons, Beacon bears a heavy burden on a Rule 12(f) motion:

>> To strike an affirmative defense, the moving party must convince the court
>> that *there are no questions of fact*, that *any questions of law are clear
>> and not in dispute*, and that *under no set of circumstances could the
>> defense succeed*. The grounds for the motion must appear on the face of
>> the pleading under attack or from matter which the court may judicially
>> notice.[7]

Significantly, Beacon's Motion does not even discuss this standard, much less try to meet it. And

for good reason: GM's affirmative defenses clearly relate to the litigation at hand, and cause

Beacon no prejudice. Beacon describes them as "boilerplate allegations," but courts routinely

reject the "boilerplate" argument because a plaintiff cannot show lack of "fair notice of the

issue[s] involved."[8] Given that Beacon has failed to show that its Motion meets the standard for

---

Aug. 29, 2011). *See also Fed. Trade Comm'n v. Hope Now Modifications LLC*, No. 09-1204
(JBS/JS), 2011 WL 883202, at *1 (D.N.J. Mar. 10, 2011) (denying the motion to strike where
affirmative defenses were asserted "without [the defendant] alleging any facts upon which
the defenses might be based"); *Romantine v. CH2M Hill Eng'rs, Inc.*, No. 09-973,
2009 WL 3417469, at *1 (W.D. Pa. Oct. 23, 2009) (accepting affirmative defenses that
"consist[ed] of a recitation of a legal defense without reference to the facts upon which such
defense [wa]s based").

[6] *Nokia Corp. v. Apple Inc.*, No. 09-791-GMS, 2011 WL 2160904, at *2 (D. Del. June 1,
2011) (Sleet, J.) (quoting *Greiff v. T.I.C. Enters., L.L.C.*, No. 03-882, 2004 WL 115553, at
*2 (D. Del. Jan. 9, 2004)) (denying a motion to strike an affirmative defense).

[7] *Memory Control Enter., LLC v. Edmunds.com, Inc.*, No. CV 11-7658 PA, 2012 WL 681765,
at *4 (C.D. Cal. Feb. 8, 2012) (emphasis added and internal quotation omitted) (denying
motion to strike invalidity defense).

[8] *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 903 (E.D. Pa. 2011); *see also
Vistan Corp. v. Fadei USA, Inc.*, No. C-10-4862 JCS, 2011 WL 1544796, at *7 (N.D. Cal.

4

granting such relief, the Motion may simply be denied without further consideration. Indeed, even if the Court considers it on its putative merits, Beacon's motion must fail for the following reasons.

### A. The Heightened Pleading Requirements of *Twombly* and *Iqbal* Do Not Apply to Affirmative Defenses.

Courts in the District of Delaware and elsewhere have expressly rejected the fundamental theory on which Beacon's Motion relies, holding that the heightened pleading requirements articulated by the Supreme Court in *Twombly* and *Iqbal* do not apply to affirmative defenses.[9] Because the heightened pleading requirements of *Twombly/Iqbal* do not apply, Beacon has failed to provide any legal basis for striking GM's affirmative defenses. Instead, Beacon criticizes district courts like this one that have refused to apply *Twombly/Iqbal* to affirmative defenses, suggesting that they misread or misunderstood Federal Rule of Civil Procedure 8. In doing so, however, Beacon largely ignores the fact that Rule 8 was not the sole basis for those courts' refusal to apply *Twombly/Iqbal* to affirmative defenses. Moreover, since GM filed its response to Beacon's Motion to Strike in Case No. 11-925, courts in this District have reaffirmed that the *Twombly/Iqbal* standard does not apply to affirmative defenses.[10]

---

Apr. 25, 2011) (denying a motion to strike invalidity and non-infringement affirmative defenses on grounds that "[t]hese affirmative defenses, while boilerplate, are standard affirmative defenses, appropriate at the outset of the case before discovery has commenced"); *Teirstein v. AGA Medical Corp.*, No. 6:08cv14, 2009 WL 704138, at *7 (E.D. Tex. Mar. 16, 2009) (refusing to strike "boilerplate" affirmative defenses, including one for prosecution history estoppel that simply stated the names of the defense, because these were "all that is necessary to put Plaintiff on fair notice of the defense being alleged such that Plaintiff may prepare a response.").

[9] *See, e.g., Bayer CropScience AG v. Dow AgroSciences LLC*, No. 10-1045 RMB/JS, 2011 WL 6934557, at *1 (D. Del. Dec. 30, 2011).

[10] *See, e.g., Cadence Pharm., Inc. v. Paddock Labs., Inc.*, C.A. No. 11–733–LPS,

Beacon completely ignores these cases.

In *Bayer CropScience AG v. Dow AgroSciences LLC*, the court listed numerous reasons why the *Twombly/Iqbal* standard does not apply to affirmative defenses, including:

(1)    textual differences between Rule 8(a), which requires that a plaintiff asserting a claim *show* entitlement to relief, and Rule 8(c), which requires only that the defendant *state* any defenses;

(2)    a diminished concern that plaintiffs receive notice in light of their ability to obtain more information during discovery;

(3)    the absence of a concern that the defense is "unlocking the doors of discovery";

(4)    the limited discovery costs, in relation to the costs imposed on a defendant, since it is unlikely that either side will pursue discovery on frivolous defenses;

(5)    the unfairness of holding the defendant to the same pleading standard as the plaintiff, when the defendant has only a limited time to respond after service of the complaint while plaintiff has until the expiration of the statute of limitations;

(6)    the low likelihood that motions to strike affirmative defenses would expedite the litigation, given that leave to amend is routinely granted;

(7)    the risk that a defendant will waive a defense at trial by failing to plead it at an early stage of the litigation;

(8)    the lack of detail in Form 30 of the Federal Rules of Civil Procedure, which demonstrates the appropriate pleading of an affirmative defense; and

(9)    the fact that a heightened pleading requirement would produce more motions to strike, which are disfavored.

*Id.* at *1–2 (emphasis in original). Beacon's argument that a flawed reliance on the distinction

---

2012 WL 4565013, at *1 (D. Del. Oct. 1, 2012) (Stark, J.) (agreeing with established Third Circuit caselaw that the *Twombly/Iqbal* pleading standard does not apply to affirmative defenses); *Internet Media Corp. v. Hearst Newspapers, LLC*, Civ. No. 10–690–SLR, 2012 WL 3867165, at *2–3 (D. Del. Sept. 6, 2012) (Robinson, J.) ("The court declines to strike Hearst's affirmative defenses *under the well-articulated rationale of these courts*.") (emphasis added); *XpertUniverse, Inc. v. Cisco Systems, Inc.,* 868 F. Supp. 2d 376, 383 (D. Del. 2012) (Andrews, J.) (holding that a heightened pleading standard does not apply to affirmative defenses).

between Rules 8(a) and 8(c) explains why courts have failed to apply *Twombly/Iqbal* to affirmative defenses is thus wrong.[11] GM explained this in pleadings more than nine months ago. *See* Opposition to Motion to Strike Affirmative Defenses, D.I. 24, Case No. 11-925 (filed Mar. 26, 2012). In the intervening nine months, Beacon has apparently failed to find authority to support its argument, because it *cites the exact same cases* in this copycat Motion.

The reasoning in *Bayer* and similar cases is sound. The Supreme Court's conclusion in *Twombly* that Rule 8 requires sufficient facts to "state a claim to relief that is plausible on its face" was clearly intended to prevent defendants from being dragged into court without cause.[12] The rationale underpinning *Twombly* and *Iqbal* is that a defendant should not be subjected to the burdens of litigation and discovery based on threadbare pleadings which do not provide a defendant fair notice of the allegations.[13] This justification is simply inapplicable to affirmative defenses because "defendants here are in an entirely different posture regarding discovery."[14] Defenses must be raised or waived at a very early stage of the litigation, before discovery has even commenced. Thus, defendants should be permitted to raise any and all defenses reasonably available lest they be precluded from raising them later. Beacon's reliance on *Twombly/Iqbal* as a basis for striking GM's affirmative defenses is misplaced.

GM's affirmative defenses more than meet the fair notice standard. Beacon certainly was

---

[11] *See, e.g., Hope Now*, 2011 WL 883202, at *3; *Tyco*, 777 F. Supp. 2d at 898–900; *Bennet v. Sprint Nextel Corp.*, No. 09-2122-EFM, 2011 WL 4553055, at *1–2 (D. Kan. Sept. 29, 2011).

[12] *See Twombly*, 550 U.S. at 570.

[13] *See Iqbal*, 556 U.S. at 678–79.

[14] *Hope Now*, 2011 WL 883202, at *3.

7

on notice when it filed its Complaint that it would have to prove infringement (*i.e.*, overcome non-infringement defenses) and face a validity challenge (*i.e.*, overcome invalidity defenses), among other commonly pled defenses in a patent case. Moreover, it is more likely that a defendant who chose to delay asserting such defenses in its initial answer would face strong opposition to a later request to amend its pleadings to assert such defenses based on claims of prejudice and delay. In this case, GM has gone beyond mere notice pleading and enumerated several specific bases for invalidity—35 U.S.C. §§ 101, 102, 103, 112, and 116—under which it may contest the validity of the patents-in-suit. D.I. 29 ¶ 42. Courts routinely deny motions to strike similarly pled non-infringement and invalidity affirmative defenses.[15]

### B.      Beacon Fails to Justify the Extraordinary Relief It Seeks.

The legal standard applied to purely procedural questions such as those raised by Beacon's Motion is that of the regional circuit, in this case the Third Circuit.[16] Notably,

---

[15]   *See Gemcor II, LLC v. Electroimpact, Inc.*, No. 11–CV–2520–CM, 2012 WL 628199, at *3 (D. Kan. Feb. 27, 2012) (denying motion to strike invalidity and patent misuse affirmative defenses, and writing that defendant's "invalidity affirmative defense provides notice that invalidity is a possible issue for trial, and Gemcor can determine the details of this defense through targeted discovery."); *Tyco*, 777 F. Supp. 2d at 903 (stating that an "affirmative defense [of invalidity] is plainly satisfactory to the extent it *avers* 'invalidity'"(emphasis added)); *Elan Pharma Int'l Ltd. v. Lupin Ltd.*, No. 09-1008 (JAG), 2010 WL 1372316, at *5 (D.N.J. Mar. 31, 2010) (refusing to strike invalidity affirmative defense alleging that patent claims "are invalid under one or more provisions of 35 U.S.C. §§ 101-105; *Avocent Redmond Corp. v. United States*, 85 Fed. Cl. 724, 725 (Ct. Fed. Cl. 2009) (finding affirmative defense of non-infringement sufficiently pled where it stated "neither the accused products nor Rose have infringed or infringe any of the asserted claims of the patents-in-suit, either directly, indirectly, literally, or under the doctrine of equivalents"); *Boldstar Technical, LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) (denying motion to strike invalidity affirmative defense that referenced specific sections of the patent statute).

[16]   *See Tyco*, 777 F. Supp. 2d at 897; *see also, Barnes & Noble, Inc. v. LSI Corp.*, No. C-11-2709 EMC, 2012 U.S. Dist. LEXIS 12719 (N.D. Cal. Feb. 2, 2012); *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007).

Beacon fails to cite even a single patent case from the Third Circuit (or any other circuit, for that matter) where affirmative defenses such as non-infringement and invalidity were held insufficient under Rule 8. Moreover, the cases Beacon does cite fall far short of supporting the extension of *Twombly/Iqbal* that Beacon now seeks.

In *Safeco Insurance Company of America v. O'Hara Corporation*, No. 08-CV-10545, 2008 WL 2558015 (E.D. Mich. June 25, 2008)—which is not a patent case—the defendant asserted various contract-specific defenses, including the unclean hands doctrine and failure to mitigate damages. The court characterized these defenses as boilerplate and "not presently sustainable under Rule 11 in view of the evidence in hand." *Id.* at \*1. Nothing in this one-page decision suggests that GM's pleadings suffer from the same deficiencies.

Another case relied on by Beacon, *Holtzman v. B/E Aerospace, Inc.*, No. 07-80551, 2008 WL 2225668 (S.D. Fla. May 29, 2008), actually undermines Beacon's motion. Although the *Holtzman* court required a more definite statement for some defenses, it upheld several that were merely recited by name, including "voluntary resignation," "truth," "privilege," "opinion," and "lack of publication to [a] third party." *Id.* at \*1. Rejecting plaintiff's argument that these were mere denials of its claims, the court recognized all of these as valid defenses to defamation in Florida and held that the plaintiff had not shown either that the defenses were unrelated to the controversy or, if not stricken, would be prejudicial to the plaintiff. *Id.* GM's answer also articulates statutorily valid defenses including "invalidity" and "non-infringement" of the patents-in-suit. Therefore, under the logic of *Holtzman*, these defenses satisfy Rule 8.

Finally, Beacon points to the decision in *Sun Microsystems, Inc. v. Versata Enterprises, Inc.*, 630 F. Supp. 2d 395, 412 (D. Del. 2009). Although *Sun Microsystems* was a patent infringement case, Versata's non-infringement and invalidity defenses were not challenged.

9

Therefore, *Sun Microsystems* is inapplicable to GM's central defenses. The *Sun Microsystems* court did strike some of the challenged defenses, which in its opinion were "not detailed enough to allow Sun to avoid surprise and undue prejudice," but nonetheless allowed the defendant leave to amend its pleading to remedy any deficiencies. *Id.* at 409. However, where certain defenses were stricken (*i.e.*, equitable estoppel, laches, waiver, unclean hands, and implied license), the court's analysis did not invoke *Twombly*. Rather, for each defense the court carefully scrutinized the defendant's recitation of its defense against the required elements of the claim, and struck defenses where a required element was missing, just as it would have done before *Twombly/Iqbal*. *Id.* at 411. Therefore, the *Sun* decision does not support Beacon's blanket assertion that a heightened pleading standard now applies to every affirmative defense.

## C.   GM's Affirmative Defenses Satisfy the Requirements of Rule 8.

Both before and after *Twombly/Iqbal*, an affirmative defense is adequately pled under Rule 8 if it provides fair notice to the plaintiff of the existence of the issue for trial.[17] As explained in further detail below, GM's affirmative defenses certainly provide fair notice.

### 1.   Invalidity.

GM's invalidity defense stated that the asserted claims of the patents-in-suit are invalid for failure to satisfy one or more of the requirements for patentability set forth in the patent laws

---

[17] *See Robinson v. Johnson*, 313 F.3d 128, 134–35 (3d Cir. 2002) ("The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed."); *see also Chiancone v. City of Akron*, No. 11-337, 2011 WL 4436587, at *2 (N.D. Ohio Sept. 23, 2011) ("An affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the defense."); *Tyco Fire Prods.*, 777 F. Supp. 2d at 903 (holding that while a counterclaim must be plausible under *Twombly*, an affirmative defense will be deemed sufficient unless it fails to provide fair notice of the nature of the issue).

of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256. D.I. 29 ¶ 42. This form of pleading an invalidity defense has long been held sufficient in patent cases.[18]

### 2.   Non-infringement.

GM's non-infringement defense states that GM has not directly, indirectly, or contributorily infringed any of the three patents-in-suit. D.I. 29 ¶ 43. Thus, GM's Answer provides the defense in compliance with Rule 8(b). Beacon cannot reasonably claim that this recital failed to put it on fair notice of the defense or that it will be prejudiced if GM is able to rely on this defense, in particular because infringement is an issue upon which Beacon bears the burden of proof.

Beacon's argument is especially misplaced given the fact that its own infringement allegations are at best conclusory, providing no detail as to how GM allegedly infringes the patents-in-suit. *See* D.I. 1 ¶¶ 10–39. Given the lack of detail in Beacon's own pleading, it is surprising that Beacon would suggest GM, as the defendant, must somehow be required to plead more detail for its defenses than Beacon was required to plead in asserting its claims.

### 3.   Laches.

GM's third affirmative defense states that Beacon's claims are barred, in whole or in part, by one or more of the doctrines of laches, waiver, estoppel, unclean hands, and/or acquiescence. This allegation is sufficient to put Beacon on notice that GM intends to raise a

---

[18] *See, e.g., McKesson Info. Solutions, LLC v. Trizetto Grp., Inc.*, No. 04-1258-SLR, 2005 WL 914776, at *1 (D. Del. Apr. 20, 2005) (denying a motion to strike an affirmative defense that the patent-in-suit was invalid "for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103 and 112.").

11

defense tied to the fact that it has been more than 10 years since some of these patents issued, during which time GM-branded vehicles equipped with navigation systems were widely commercialized. At a minimum, Beacon instituted this action *more than nine years* after the latest of the patents-in-suit was issued, and more than two years after GM began operations after acquiring assets from Motors Liquidation Company (f/k/a General Motors Corporation). With such a delay in bringing suit, affirmative defenses that are equitable in nature cannot surprise Beacon.

### 4.    License and/or Patent Exhaustion.

GM's fourth affirmative defense states that Beacon's licensing of the patents-in-suit and the doctrine of patent exhaustion bar its claims. Again, these are common defenses in a patent infringement case, and given the substantial time that has passed since the patents-at-suit issued and the reasonable basis for GM to believe that certain business activity related to the patents may bar Beacon's claims, GM's recitation of these defenses is sufficient to put Beacon on notice that license and/or patent exhaustion is an issue in this case. GM's pleadings simply state, "to the extent that one or more of GM's suppliers hold a license or other rights to the patents-in-suit," it reserves its right to assert this defense. GM is still investigating what rights it may have to the patents-in-suit, and again, GM has not yet had the opportunity to take any discovery from Beacon.

Moreover, Beacon's Complaint itself provides notice of the likely applicability of the license and/or patent exhaustion defenses. Beacon attached copies of the patents-in-suit to its Complaint, and the Court can take judicial notice under Federal Rule of Evidence 201 of the

assignment histories of the patents-in-suit found on the Patent Office database.[19] The assignment histories of the patents-in-suit, attached hereto as Exhibit A, show that the patents had been assigned to several third parties before Beacon acquired them. Beacon and the Court can infer that at some point during the assignment histories of the patents-in-suit, a third party could have negotiated a license to practice the inventions claimed in this case which now applies to GM.[20]

## 5.    Limitation on Damages.

GM's fifth affirmative defense states that Beacon's claim for damages is limited by operation of 35 U.S.C. §§ 286 and/or 287. D.I. 29 ¶ 46. Beacon surely understands that its damages may be limited by the six-year limit of Section 286 and/or the marking requirements of Section 287.

Beacon's objection to this defense is particularly inappropriate because many of the relevant facts lie with Beacon, not GM. It is impossible for GM to plead this defense with any more particularity until it has had the opportunity to take discovery from Beacon and/or its predecessors-in-interest related to any products that allegedly embody the patents-in-suit, and it would be inefficient and unfair to require GM to later amend its responsive pleading to add this defense merely to provide more details from plaintiff's own information and documents developed by the parties through discovery. GM has fairly put Beacon on notice of its intention to advance the defense and nothing more is required at the pleading stage.

---

[19]   *See Iconfind, Inc. v. Google, Inc.*, No. 2:11–cv–0319–GEB–JFM, 2012 WL 158366, at *1 (E.D. Cal. Jan. 18, 2012) (holding that the court can take judicial notice of a patent's prosecution history under as a "public record").

[20]   *See Hope Now*, 2011 WL 883202, at *4 (permitting affirmative defenses if "it could not possibly prevent recovery under any pleaded or *inferable set of facts*" (emphasis added)).

13

## V.    CONCLUSION

For the foregoing reasons, GM respectfully requests that Beacon's Motion be denied. There is simply no legal justification for imposing the stringent pleading requirements suggested by Beacon to affirmative defenses asserted at the very beginning of a case. Nevertheless, should the Court have any lingering concerns about the sufficiency of GM's pleadings, GM respectfully requests the Court grant it leave to amend its answer rather than striking GM's defenses wholesale.

*Of counsel*:

Paul R. Steadman, P.C.
Matthew D. Satchwell
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60644
(312) 862-2000
paul.steadman@kirkland.com
matthew.satchwell@kirkland.com

/s/ Anne Shea Gaza
Anne Shea Gaza (#4093)
Travis S. Hunter (#5350)
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
gaza@rlf.com
hunter@rlf.com

*Attorneys for Defendant*
*General Motors LLC*

14

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2013, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF which will send notification of such filings to the

following who have also been served as noted:

**VIA HAND DELIVERY & E-MAIL**

Elena C. Norman (#4780)
Monte T. Squire (#4764)
James L. Higgins (#5021)
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
enorman@ycst.com

**VIA E-MAIL**

Robert E. Freitas
Kevin C. Jones
Michael C. Ting
Freitas Tseng Baik & Kaufman LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA 94065
(650) 593-6300

*/s/ Anne Shea Gaza*
Anne Shea Gaza (#4093)
gaza@rlf.com

15